Mr. Justice James
delivered the opinion of the court:
The plaintiff in this cause filed his declaration against the tenants in possession; but the present defendants, claiming title, were, on motion, made parties. At the trial the plaintiff failed .to make out a good title by deed, but produced evidence that, being in possession and claiming title, he verbally leased the property in several parcels to Knabe and Blucher respectively, who entered under the leases, acknowledging the plaintiff as their landlord and paying to him a monthly rent. Afterwards, while they were so in possession, one Behrens obtained a tax deed for the premises, and Knabe and Blucher, on his demand, attorned to him, refusing thereafter to pay rent to the plaintiff and paying it to Behrens.
The court, after informing the jury that the plaintiff had not succeeded in proving a good title by deed, and that, if the case had stopped there, he would be out of court, further instructed them as follows:
“ There is another rule of law, however, relating to landlord and tenant. That is, that when a man goes into possession of property as tenant under another, he is not allowed to dispute his landlord’s title.' When a man goes into *299 possession of property as tenant to another, he is not allowed to attorn to a stranger, to the detriment of his landlord’s title, unless the stranger has a superior title. The law says, you went in under this man as a tenant, and you will have to give possession back to him or you cannot question his title. He is allowed to show that the landlord’s title has become extinct since he went into possession ; he cannot show that it was not good originally.
“ In this case if the tenant could have' shown that a valid title had been acquired under this tax title, he might have shown that fact, and those claiming under the tax title, the defendants, would have been all right. It is not shown that the tax title was valid and altered the title of the landlord under whom these tenants took possession. Now, if these tenants, Knabe and Blucher, had remained in possession, they would not have been able, if Housam had sued them to get possession, to dispute his title. All that would have been necessary for the landlord to do would have been simply to prove that they went into possession under him, and the landlord might have stopped there and have then called upon them to make their defence. If the tenant sublets to somebody else, the rule of law would be the same. Anybody claiming under the tenant would stand in his shoes and could not make any better defence against the landlord’s claim than the tenant could. In this case you will observe that Behrens did .not go in as a sub-tenant; that is, he did not claim under these tenants, but he went to the tenants and got them to surrender possession to him. The law appears to be that, when this is is done without the consent of the landlord, the new-comer stands in the same position that the tenant does, and he cannot dispute the landlord’s title; and if you believe that that was the case here, that the whole of this property was acquired by Behrens through its being delivered by the tenants of Housam to him, it is only necessary for the plaintiff to prove that.”
The defendants excepted to the following portion of this instruction:
*300 “In this case you will observe that Behrens did not go in as a sub-tenant; that is, he did not claim under these tenants, but he went to the tenants and got them to surrender possession to him. The law appears to be that, when this is done without the consent of the landlord, the new-comer stands in the same position that the tenant does, and he cannot dispute the landlord’s title.”
It is unnecessary, at this late day, to refer to authorities in support of the rule which forbids a tenant, or any person who steps into his place, to question the title of which the tenant availed himself in accepting possession from the lessor, but which permits him to show that that title has been put to an end and that his holding is by another and better title which has taken its place. In accordance with this rule, the court first informed the jury that if it had been shown that a valid title had been acquired under the tax deed, the defendants claiming under that title would have been all right. This would have been the case of an eviction by title paramount and a new holding under the new title. But a valid title was not shown by mere production and proof of a tax deed, and the case was therefore not one of eviction and determination of the original title by a superior title. The court pointed out, therefore, that the transaction between the tenants and Behrens was a surrender to one not having or shown to have a better title. In such cases the transaction by which the possession passes from the tenant to the new-comer, cannot be treated as an eviction at all, but stands on the footing of a contract transaction between the tenant and the party to whom he yields possession. Of course a mere contract transfer by the tenant passes only his rights and his position, unless the landlord comes in and consents that it shall operate as a surrender, also, of his, the landlord’s title. With this consent, the ordinary case in which the landlord’s original title has been determined since the tenancy began would arise, and the tenant or his new landlord could depend on the new tenure. Without it, the tenant and the new-comer, who does not show title in himself, will have made only an *301 arrangement between themselves which in no way affects the landlord.
The instruction given to the jury on both points was strictly correct, and judgment is affirmed.